## Pileczanthis *v.* Andrukastis et al., Appellants.

*Judgments—Opening of judgments—Judicial discretion.*

An application to open a judgment is in the nature of an equitable proceeding, and is addressed to the discretion of the court. The court must weigh the evidence and exercise its discretion, the presumption being in favor of the validity of the judgment.

Where the testimony to support a rule to open a judgment is vague and uncertain, the court does not err in discharging the rule and its decision will not be set aside, on appeal.

Argued March 5, 1919. Appeal, No. 41, March T., 1919, by defendant, from order of C. P. Lackawanna Co., Oct. T., 1916, No. 819, discharging rule to open judgment in case of Frank Pileczanthis and Eva Pileczanthis v. Albert Andrukastis, President; John Appn, Trustee;

Charley Gustari, Secretary; Providence of God Church. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ.  Affirmed.

Rule to open judgment.  Before EDWARDS, P. J.

From the record it appeared that a judgment was entered on a judgment note given by the defendants, who were president, trustee and secretary of the Providence of God church, which is an unincorporated church congregation.  A petition was presented for the opening of the judgment on the ground that the note was not signed with the consent or authority of the lay members of the congregation, and that one of the plaintiffs had collected moneys belonging to the defendants.

EDWARDS, P. J., in discharging rule to open judgment filed the following opinion:

The judgment in this case was entered on a judgment note for $1,400 dated June 21, 1916, and payable one year after date.  The judgment was entered August 14, 1916. The defendants are respectively president, trustee and secretary of the Providence of God church.  The said note was evidently intended as an obligation of the church.  Depositions have been taken by each of the parties.

The plaintiffs start with the advantage of the presumption in their favor which attaches to a judgment. The application to open a judgment is in the nature of an equity proceeding, and the evidence to induce the opening of the judgment, must be such as would sustain a verdict for the defendant, and must be clear and specific. A mere conflict of testimony will not require the court to open the judgment.  The court must judge the weight of the evidence and exercise a sound discretion, the presumption being in favor of the soundness of the judgment. As was stated by Judge RICE in Goodwin v. Cooper, 4 Kulp 239: "On a rule to open judgment it is the duty of the court to weigh the testimony, even though it be conflicting, and to refuse the issue if satisfied that the de-

5, (1919).] Statement of Facts—Opinion of the Court.

fense could not prevail if submitted to a jury." Or, as was stated in another way by PAXSON, C. J., in Jenkintown National Bank's App., 124 Pa. 337: "If on the testimony taken in support of a rule to open the judgment the court would set aside a verdict for the defendant, the court should refuse to open."

According to the depositions, the whole of the controversy between the parties involves the appropriation of the moneys received by one of the plaintiffs on account of the church excursion of June 12, 1916. There is nothing in either of the depositions to connect that transaction with the judgment in this case. Even on the question of the excursion money the testimony taken on behalf of the defendants is vague, uncertain, and, on some matters, purely hearsay. It is far from being clear and specific. The depositions of the plaintiff taken, for some reason or another, five days before those of the defendants, are more definite and explain what was done with the excursion money in a satisfactory manner.

In any view of this case the defendants have failed absolutely to present any evidence which would justify us in disturbing the judgment.

Now, December 9, 1918, the rule to open judgment is discharged.

*Error assigned* was order of the court discharging rule to open judgment.

*A. A. Vosburg,* for appellants.

*David J. Reedy,* and with him *Ralph W. Rymer,* for appellees.

PER CURIAM, July 17, 1919:

The opinion of the learned president judge of the court below fully and clearly answers the assignments of error, and warrants the refusal of the court to open the judgment.

The judgment is affirmed.